46053. WOOD v. THE STATE.
(373 SE2d 183)

GREGORY, Justice.

Betty Doster Wood was convicted of the malice murder of John Hurtte and sentenced to life imprisonment.[1] The record shows that the victim had lived with Wood's daughter for approximately two years. Their relationship was volatile and two days before the crime Wood's daughter moved out, telling her mother that the victim had "twisted her arm and pulled her hair." Wood's daughter testified that Wood became "upset and cried" when she learned that her dining room table had been auctioned off because her daughter and the victim failed to make payments on the storage facility in which the table was being held. Between this conversation and the time of the crime, Wood told at least four witnesses, including two police officers, that she would kill the victim if she saw him or if he hurt her daughter again.

On the day of the victim's death Wood drove to the gas station where he worked and spoke to him for several minutes. It is undisputed that Wood drew a gun and shot him four times. She immediately drove to the police station, admitted shooting the victim, and turned her gun over to police officers. At trial the defendant testified that "something snapped" when she shot the victim, and that she did

---

[1] The crime occurred on June 7, 1987. The defendant was convicted in Gwinnett Superior Court on November 24, 1987, and sentenced on December 1, 1987. Her motion for new trial was denied on June 3, 1988. Her case was docketed in this court on July 27, 1988, and oral argument heard on September 27, 1988.

not intend to shoot him.

1. While not raised by Wood, we hold that a rational trier of fact could have found her guilty of malice murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court gave the following charge:

> I further charge you that you may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his or her intentional acts. And if a person of sound mind and discretion intentionally and without justification uses a deadly weapon or instrumentality in the manner in which such weapon or instrumentality is ordinarily used and thereby causes the death of a human being, you may infer the intent to kill. Now, whether or not you draw any such inference or make any such inference from the evidence in this case is a matter solely within your discretion as members of the jury.

Wood argues that this charge is impermissibly burden-shifting under *Sandstrom v. Montana*, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). We do not agree. We upheld an identical charge on intent in *Thompson v. State*, 257 Ga. 481, 483 (361 SE2d 154) (1987), even though it did not contain language "reaffirming that it is within the jury's discretion whether or not it will draw such an inference." The trial court in this case did reaffirm that it was solely within the discretion of the jury to draw the inference. We find no error.[2]

*Powell v. State*, 187 Ga. App. 878 (372 SE2d 234) (1988) presented a different charge from the one challenged here, and does not control our decision.

3. Wood argues the trial court erred in not admitting in evidence the victim's conviction for a controlled substance violation. Wood maintains she did not offer this evidence to show the bad character of the victim. Rather, she offered it to prove that because the victim was a drug dealer it was more likely that he had a violent nature, and therefore it was reasonable for Wood to be afraid of him. Under our decision in *Wiseman v. State*, 249 Ga. 559, 561 (292 SE2d 670) (1982), "[t]he victim's prior conviction for [controlled substances] demonstrates neither his reputation for violence nor the reasonableness of appellant's belief that force was necessary in order to defend

---

[2] While we find no error in this charge we suggest the better practice is, in the absence of some special request from the jury, not to emphasize particular circumstances such as the use of a deadly weapon and indicate what inferences may arise therefrom. General charges on intent and circumstantial evidence will ordinarily be sufficient.

[herself].” The trial court did not err in refusing to admit this evidence.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 20, 1988.

*Harrison & Harrison, Samuel H. Harrison,* for appellant.

*Thomas C. Lawler III, District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.