## A91A1373. WILLIAMS v. THE STATE.
(412 SE2d 586)

CARLEY, Presiding Judge.

Appellant was tried before a jury and found guilty of aggravated assault. He appeals from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

1. The trial court's failure to grant a mistrial on the ground that the State had impermissibly placed appellant's character into evidence is enumerated as error.

That appellant had previously killed a man was first introduced into the trial by appellant's own testimony on direct examination. This direct testimony by appellant certainly cannot be characterized as "*inadvertent* statements regarding his own *good* conduct." (Emphasis supplied.) *Jones v. State*, 257 Ga. 753, 758 (1) (363 SE2d 529) (1988). To the contrary, it was an opening of the door for the State to pursue that topic. "Where the defendant testifies and admits prior criminal conduct, he has not placed his character 'in issue' within the meaning of OCGA § 24-9-20 (b). Rather, he has raised an issue which may be fully explored by the State on cross-examination. [Cit.]" *Jones v. State*, supra at 759 (1b).

Moreover, the record shows that, although the State did attempt to pursue this topic, it was never successful in its efforts to do so. During appellant's cross-examination, the trial court denied a motion for mistrial, but sustained a relevancy objection when the State at-

tempted to question him about the incident. When, in rebuttal, the State attempted to tender a document identified only as an "indictment," the trial court denied a motion for mistrial, but sustained an objection to its admissibility as impeaching evidence. Accordingly, the *only evidence* that appellant had previously killed a man was appellant's own testimony. Clearly, appellant cannot complain that the State was never successful in its efforts to cross the threshold of the door that he himself opened.

2. The fact that the *victim* may have threatened a witness for the *State* should he *not* testify *truthfully* obviously is not detrimental to appellant's defense. Compare *Simmons v. State*, 155 Ga. App. 716 (1) (272 SE2d 506) (1980) (discussing intimidation of a defense witness). If anything, this reflects adversely upon the credibility of the victim and the State's witness and the trial court correctly denied appellant's motion for a mistrial and allowed appellant to cross-examine the State's witness about any threat that may have been made by the victim.

3. A review of the record shows that sufficient evidence was adduced to authorize a rational trior of fact to find proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Accordingly, there is no merit in appellant's enumeration of the general grounds.

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 5, 1991 —
RECONSIDERATION DENIED NOVEMBER 19, 1991.

*Robert E. Surrency*, for appellant.
*Joseph H. Briley, District Attorney, James L. Cline, Jr., Assistant District Attorney*, for appellee.