## S96A1218. LOWE v. THE STATE.
(476 SE2d 583)

BENHAM, Chief Justice.

This appeal is from Judy Dovinna Lowe's conviction for felony murder with arson as the underlying felony.[1] The victim died of smoke inhalation in a fire which destroyed the small house in which she lived at the back of the property on which Lowe lived. Lowe testified at trial that she went to the small house just before the fire, seeking the victim, but failed to get an answer to her knocks on the door, and returned to her own home. While there, she heard what sounded like a shot and went outside to find the small house burning. She said she looked in through a window and found the victim sitting in her bedroom, but could not get the victim's attention before being forced to retreat due to the heat. Other witnesses testified that the fire was started with an accelerant in a different part of the house than that in which the victim was found dead of smoke inhalation. There were no utilities in the house. One witness testified that when she and Lowe heard a television report of the fire, Lowe exclaimed that she would be put in jail. On another occasion, she told a witness that she could make anyone believe anything because she was such a good actress. She told another witness that she could escape punishment in this case because she had multiple personalities. In an inter-

---

[1] The crimes were committed on May 11, 1993, and Lowe was arrested on May 25, 1993. An indictment charging her with malice murder, felony murder, first degree arson, and second degree arson was returned on January 10, 1994. At a trial begun on April 18, 1994, and concluded on April 20, 1994, the jury found Lowe not guilty of murder, but guilty of the other offenses. The trial court sentenced Lowe to life imprisonment for felony murder and merged the two arson counts into the felony murder conviction. Lowe's motion for new trial, filed on May 20, 1994, was denied by an order filed March 13, 1996. Pursuant to a notice of appeal filed April 12, 1996, the appeal was docketed in this Court on April 19, 1996, and was submitted for decision on the briefs.

view with police officers, she said that she did not start the fire, but that perhaps "Chipper" had done so. "Chipper" was a nickname by which Lowe was known. She also told the police that she hated the house that burned and was upset that there was always family around, and that if she had wanted to get rid of the "little house," she would have burned it. Those portions of Lowe's statement in which she claimed to have tried to find the victim were inconsistent with the testimony of other witnesses, including firemen, regarding conditions around the fire.

1. Though largely circumstantial, the evidence adduced at trial and summarized above was sufficient to authorize a rational trier of fact to find Lowe guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *McCoy v. State*, 262 Ga. 699 (1) (425 SE2d 646) (1993). That being so, there was no error in denying Lowe's motion for a directed verdict of acquittal. *Blackwell v. State*, 264 Ga. 517 (448 SE2d 359) (1994).

2. Lowe enumerates as error the trial court's refusal to give her requested charge on bare suspicion, contending that the circumstantial evidence adduced at trial raised only suspicion. Since the trial court gave complete instructions on reasonable doubt, the presumption of innocence, and presence at the scene of a crime, there was no error in refusing to give the requested charge. *Morrison v. State*, 220 Ga. App. 151 (3) (b) (469 SE2d 686) (1996).

3. In charging on circumstantial evidence, the trial court told the jury, "You are not authorized to return a verdict of guilty based upon circumstantial evidence alone unless the evidence points so convincingly toward the conclusion of guilty that any other conclusion is unreasonable." We disagree with Lowe's contention that the charge was error. It is the functional equivalent of the rule stated in OCGA § 24-4-6. The trial court need not track the exact language of that Code section in order to satisfy the requirement that the jury be instructed on the principle of the sufficiency of circumstantial evidence to warrant a conviction. *Price v. State*, 180 Ga. App. 215 (2) (348 SE2d 740) (1986).

4. Finally, Lowe argues that the admissions she made were not sufficiently corroborated to permit her conviction, and that the trial court erred in failing to charge the jury, without request, on the principle stated in OCGA § 24-3-53, that a confession alone, uncorroborated by any other evidence, shall not justify a conviction. That argument fails to take into account the difference between an admission and a confession. "In the former only one or more facts entering into the criminal act are admitted, while in the latter the entire criminal act is confessed. [Cits.]" *Burns v. State*, 188 Ga. 22 (2) (2 SE2d 627) (1939). The reason confessions must be corroborated is to ameliorate the danger of a coerced confession or the confession of a mentally

unbalanced person providing the entire proof used to convict a defendant. Admissions, on the other hand, do not admit every element of the offense, leaving on the State the burden of proving some elements of the offense by evidence other than the admissions. That evidence need not corroborate the admissions, but must provide proof of those elements of the offense not admitted. Since Lowe did not admit every essential element of the charged offense, the statement constituted an admission, not a confession. *Stowers v. State*, 205 Ga. App. 518 (1) (422 SE2d 870) (1992).

> There is substantial difference between admissions and confessions. [Cit.] Admissions relate to any fact material to the issue, and are to be scanned with care and considered, with any other evidence, for what they are worth. It is not declared or required that they be corroborated by other evidence in the case, as are confessions of the crime.

*Sheffield v. State*, 188 Ga. 1 (9) (2 SE2d 657) (1939). That long-standing statement of the law remains valid today. Because there was no confession in this case, there was no requirement of specific corroboration of Lowe's admissions and no requirement that the jury be charged on the issue of confessions.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 15, 1996.

*J. Russell Jackson,* for appellant.

*Garry T. Moss, District Attorney, C. David Gafnea, Assistant District Attorney, Michael J. Bowers, Attorney General, Allison Goldberg, Assistant Attorney General,* for appellee.