S00A1624. HARRIS v. THE STATE.
(543 SE2d 716)

</center>

THOMPSON, Justice.

Alan Shawn Harris was convicted of malice murder, and possession of a firearm during the commission of a felony, in connection with the death of Deonte Conway.[1] In this appeal, Harris asserts the

---

[1] Conway was murdered in early November 1994. The grand jury indicted Harris on May 21, 1996, and charged him with malice murder, felony murder predicated on the underlying felony of aggravated assault, aggravated assault, and possession of a firearm during the commission of a felony. Trial commenced on January 13, 1997, and, four days later, the jury found Harris guilty of malice murder and the firearm charge. (The other charges were nolle prossed.) Harris was sentenced on January 22, 1997, to life in prison plus five years

trial court erred in charging the jury that it could infer intent to kill from the use of a deadly weapon. We agree and reverse.

1. Viewing the evidence in a light favorable to the verdict, we find the following: Harris, who was 16 years old, and Conway, who was 17 years old, were friends. Shortly after Halloween, Conway was reported missing. One month later, the police found Conway's body under the porch of the house in which Harris lived; it was wrapped in bed linens and bound with a cord. Conway had been shot twice: once in the head, and once in the chest.

Harris told a friend that he shot somebody, "wrapped him up and put him under the house." Harris also told the friend that he "wanted to get rid of the [bloody] mattress, but his dad would be missing a mattress. So he just turned it over."

When the police initially interviewed Harris, he denied knowledge of, or involvement in, the murder. However, when his room was searched, the police discovered that his mattress had been soaked with blood. In a subsequent interview, Harris said that Conway shot himself once in the head, and that he concealed Conway's body because he was scared.

At trial, Harris testified that Conway asked him to participate in an armed robbery and, when he refused, Conway put a gun to his head; that the gun was still pressed against Harris' head when Conway "clicked it"; that, at that point, Harris told Conway to do the robbery himself; that Conway again put the gun to Harris' head and clicked it; that he then punched Conway in the mouth; and that a fight ensued and, in the course of the struggle, the gun went off two times, killing Conway.

The evidence was sufficient to enable any rational trier of fact to find Harris guilty beyond a reasonable doubt of malice murder and possession of a firearm during the commission of a felony. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court charged the jury:

You may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts, and if a person of sound mind and discretion intentionally and without justification uses a deadly weapon in the manner in which the weapon is ordinarily used and thereby causes the death of a human being, you may infer the intent to kill.

---

(consecutive). Harris' timely filed motion for a new trial was denied on October 20, 1999, and Harris filed a notice of appeal on November 17, 1999. The case was docketed in this Court on June 16, 2000, and submitted for a decision on briefs on August 7, 2000.

We have previously held that this charge was not error. *Clark v. State*, 265 Ga. 243, 246 (454 SE2d 492) (1995); *Wood v. State*, 258 Ga. 598 (2) (373 SE2d 183) (1988); *Thompson v. State*, 257 Ga. 481 (6) (361 SE2d 154) (1987). See also *Mitchell v. State*, 271 Ga. 242, 244 (6) (516 SE2d 782) (1999). However, we admonished against the use of this charge, especially where, as here, the jury is not instructed that it can use its discretion to determine whether to make the authorized inference. See *Thompson*, supra. As we noted in both *Wood* and *Clark*, our trial courts should use a simple charge on intent; and any other practice is "strongly discouraged." We now go a step further and hold that the giving of a "use of a deadly weapon" charge is error, whether or not it is accompanied by an instruction that the jury has discretion to make the inference.

Because the evidence of malice in this case is weak, it cannot be said that it is highly probable that the improper charge did not contribute to the jury's verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). It follows that Harris' conviction for malice murder must be reversed.

The new rule of criminal procedure which we announce in this case will be applied to all cases in the "pipeline" – i.e., cases which are pending on direct review or not yet final. *Taylor v. State*, 262 Ga. 584, 586 (422 SE2d 430) (1992). Accord *Griffith v. Kentucky*, 479 U. S. 314 (107 SC 708, 93 LE2d 649) (1987). However, it will not be applied to convictions challenged on habeas corpus. See *Teague v. Lane*, 489 U. S. 288 (109 SC 1060, 103 LE2d 334) (1989).

3. The trial court did not err in refusing to give a requested charge on bare suspicion. *Lowe v. State*, 267 Ga. 180, 181 (2) (476 SE2d 583) (1996).

4. The trial court's determination that Harris' custodial statements were voluntary and admissible was not clearly erroneous, and, therefore, must be upheld. *Gober v. State*, 264 Ga. 226, 228 (443 SE2d 616) (1994).

5. The remaining enumerations of error, in which Harris questions the efficacy of trial counsel, are not likely to recur upon retrial and need not be addressed.

*Judgment reversed. All the Justices concur, except Fletcher, P. J., who concurs in judgment only, and Hunstein and Carley, JJ., who dissent.*

CARLEY, Justice, dissenting.

In Division 2, the majority declares that it "now go[es] a step further and hold[s] that the giving of a 'use of a deadly weapon' charge is error, whether or not it is accompanied by an instruction that the jury has discretion to make the inference." I submit that the Court has not taken only a "step," but has made a giant unwarranted leap.

The trial court gave the following charge:

> You may infer that a person of sound mind and discretion intends to accomplish the natural and probable consequences of his intentional acts, *and if a person of sound mind and discretion intentionally and without justification uses a deadly weapon in the manner in which the weapon is ordinarily used and thereby causes the death of a human being, you may infer the intent to kill.*

(Emphasis supplied.) I do note at the outset that today's ruling does *not* purport to affect the introductory, unemphasized portion of this charge. Therefore, the trial courts of this state apparently still may give general instructions on permissive inferences. See *Wallace v. Higgs*, 262 Ga. 437 (421 SE2d 69) (1992). The majority concludes that only the latter, emphasized language related to the use of a deadly weapon should not be included in the charge. However, the majority does not explain *why* it finds that portion of the charge to be so egregious. The language certainly cannot be attacked as an erroneous statement of the law, as it correctly states that the jury "may" infer from evidence that "a person of sound mind and discretion" (OCGA §§ 16-2-3, 16-3-2, 16-3-3) who "intentionally and without justification" (OCGA §§ 16-2-1, 16-3-20, 16-3-21) used a weapon to kill another person intended to accomplish that result. The instruction does not suggest that the jury *must* either find that factual predicate or presume that intent, and it is *not* unconstitutionally burden-shifting. *Mitchell v. State*, 271 Ga. 242, 244 (6) (516 SE2d 782) (1999); *Wallace v. Higgs*, supra. In fact, the charge is simply an application to a specific set of factual circumstances of the general law on permissive inferences contained in the introductory language of the charge which the majority does not disapprove. If a sane defendant intentionally uses a weapon to kill another person other than in self-defense, it logically follows that the trier of fact "may" infer the specific intent to commit the homicide. The specific permissive inference in that particular situation is just as authorized as the general permissive inference that a person of sound mind and discretion intends to accomplish the natural and probable consequences of any of his intentional acts.

I acknowledge that the charge given in this case has been criticized. In *Thompson v. State*, 257 Ga. 481, 483 (6) (361 SE2d 154) (1987), we held that "it would be desirable to include language reaffirming that it is within the jury's discretion whether or not it will draw such an inference. . . ." "General charges on intent and circumstantial evidence will ordinarily be sufficient." *Wood v. State*, 258 Ga. 598, 599 (2), fn. 2 (373 SE2d 183) (1988). Unlike the majority, how-

ever, I believe that there is a fundamental distinction between an imperfect charge which does not comport with the "better practice" and one which is so deficient as to require the reversal of an otherwise valid conviction. Before today, this Court consistently found that it was not error to charge on the specific permissive inference arising from the intentional use of a deadly weapon, even though the contested instruction did not include additional language reiterating the jury's discretion to accept or reject that specific inference. *Mitchell v. State*, supra at 244 (6); *Thompson v. State*, supra at 483 (6). The majority does not present any viable rationale for departing from the precedent established by those decisions, and it certainly cites no authority for also proscribing, by way of dicta, a charge which does contain that additional principle. We have long recognized that a trial court does not err when it reaffirms that the jury has discretion whether or not it will draw the permissive inference. *Clark v. State*, 265 Ga. 243, 246 (3) (c) (454 SE2d 492) (1995); *Wood v. State*, supra at 599 (2). Admittedly, it is disappointing when a trial court fails to follow what this Court has recognized as the better practice. In my opinion, however, such disappointment does not authorize a departure from established precedent. I cannot join the majority's holding that the charge given in this case was erroneous and that the instruction would still be erroneous even if the trial court had included an additional admonition that the inference was permissive. This case should be controlled by our recent decision in *Mitchell v. State*, supra at 244 (6), wherein we unanimously held that "the trial court's charge was in accord with this Court's holding in *Thompson v. State* and was not improperly burden-shifting." Because the majority does not offer any reason for departing from that holding, I dissent.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED MARCH 2, 2001 —
RECONSIDERATION DENIED APRIL 5, 2001.

*Zell & Zell, Rodney S. Zell*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Elizabeth A. Baker, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.