## S01A0817. OLIVER v. THE STATE.
(554 SE2d 474)

FLETCHER, Chief Justice.

A jury convicted Gary Oliver of aggravated assault and felony murder in the shooting death of Dexter Wallace and the aggravated assaults of Frank Griggs and Jason Weems. Oliver also was convicted of possessing a firearm during the commission of a felony. Oliver contends that, contrary to our holding in *Harris v. State*,[1] the trial court charged the jury that it could infer Oliver's intent to kill based upon his use of a deadly weapon. Because we find that this error was harmless and Oliver's remaining enumerations have no merit, we affirm.[2]

1. Oliver claims that there was insufficient evidence to support his convictions and that the trial court should have granted his motion for directed verdict. The evidence at trial showed that, on the afternoon of September 18, 1998, Dexter Wallace and two friends, Frank Griggs and Jason Weems, were in a two-door car on their way to get food. Weems was driving and Griggs was in the front passenger seat. Wallace was in the backseat, behind Griggs. As they pulled up to a stop sign, Oliver ran from a nearby house and stuck a gun through the open passenger-side window, shouting at Wallace to pay him the money that Wallace owed. Oliver also pointed the revolver at

---

[1] 273 Ga. 608 (543 SE2d 716) (2001).

[2] Oliver committed his crimes on September 18, 1998. A grand jury indicted him on December 28, 1999. He was convicted on February 24, 2000, and the trial court sentenced him that same day to life imprisonment for felony murder. The underlying aggravated assault on Wallace merged into the felony murder conviction. The trial court also sentenced Oliver to two twenty-year terms for the remaining aggravated assaults, which are to run consecutive to the felony murder sentence, followed by an additional five years of imprisonment for the possession of firearm conviction. Oliver moved for a new trial on March 3, 2000, and he amended it on August 23, 2000. The trial court denied the motion for new trial on September 27, 2000. Oliver filed his notice of appeal on October 12, 2000, and his appeal was docketed in this Court on February 28, 2001. The case was submitted for decision on April 23, 2001.

Griggs and Weems and demanded that, unless Weems put the car in park, he would kill everybody in the car. Weems and Griggs crawled out of the car, exiting through the driver-side door. As they made their escape, Oliver shot at Wallace, who was still in the backseat. Wallace climbed out of the car and ran away, with Oliver shooting at him as he ran. Wallace collapsed and died on the street a few minutes later from a gunshot wound to the chest. Oliver was arrested a short time later, and he subsequently confessed to shooting Wallace, although he claimed it was in self-defense.

Taking the evidence in the light most favorable to the jury's verdict of guilty, we conclude that there was sufficient evidence from which a rational trier of fact could have found Oliver guilty of the felony murder, aggravated assaults, and possession of a firearm during a felony for which Oliver was convicted.[3] Accordingly, Oliver's motion for directed verdict was without merit.

2. Oliver contends that the trial court erroneously charged the jury that it could infer Oliver's intent to kill from his use of a deadly weapon. Subsequent to Oliver's trial, we held in *Harris v. State* that the trial court committed reversible error by charging the jury that it could infer intent to kill from the defendant's use of a deadly weapon.[4] Likewise, the trial court in Oliver's trial erred by instructing the jury that it could infer Oliver intended to kill Wallace based upon Oliver's use of a deadly weapon. This error was harmless, however. The jury acquitted Oliver of malice murder and, instead, convicted him of felony murder. Unlike malice murder, felony murder does not require intent to kill; rather, the defendant only must have intended to commit the underlying felony.[5] Here, there was overwhelming evidence that Oliver intended to commit aggravated assault on Wallace, and the aggravated assault on Wallace was the underlying felony supporting Oliver's felony murder conviction.

3. Oliver also enumerates as error the introduction at trial of his statements to the police. After Oliver was arrested, he was taken to the police station, searched, and his possessions were inventoried. During this process, Oliver asked an officer what charges he was facing. When the officer responded that Oliver was facing armed robbery and murder charges, Oliver screamed that he had not killed anybody and was being "railroaded." The officer told Oliver that witnesses had seen Oliver demand money and shoot the victim. The officer then took Oliver's property and went to an adjoining room. A few minutes after the officer left, Oliver walked over to the large mir-

---

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] 273 Ga. at 610.

[5] See *Martin v. State*, 271 Ga. 301, 303 (518 SE2d 898) (1999); *Franklin v. State*, 268 Ga. 865, 866 (494 SE2d 327) (1998).

ror in his room and tapped on the glass, motioning for the officer on the other side to come into the room. When the officer entered, Oliver told the officer that he had not robbed anyone and that he had been forced to shoot Wallace because Wallace had a gun. The officer promptly advised Oliver to stop talking and read Oliver his *Miranda* rights. Shortly thereafter, a second officer advised Oliver of his *Miranda* rights, and Oliver repeated his statement to the second officer.

The trial court sits as the fact-finder in a *Jackson-Denno* hearing,[6] and we will uphold its factual conclusions unless they are clearly erroneous.[7] Here, the evidence supports the trial court's conclusion that Oliver's statements were in response to the police officer's answer to one of Oliver's questions.[8] Furthermore, the police officer's answer was not "such as to be reasonably likely to elicit an incriminating response" from Oliver.[9] Under the facts presented here, the trial court correctly determined that Oliver's statements were admissible.

4. Oliver also enumerates as error the trial court's refusal to charge the jury on voluntary manslaughter and involuntary manslaughter. To be entitled to a charge on voluntary manslaughter under OCGA § 16-5-2, the evidence must support the jury's finding that he "was so influenced and excited that he reacted passionately" in killing the victim.[10] To be entitled to a charge on involuntary manslaughter under OCGA § 16-5-3 (a), the evidence must support the conclusion that the killing resulted unintentionally from an unlawful act other than a felony.[11] Here, the evidence did not show that Oliver was so influenced and excited that he was reacting passionately in shooting Wallace. Similarly, the evidence does not support the conclusion that Oliver unintentionally killed Wallace while committing an unlawful act other than a felony. Rather, the evidence demonstrates that Oliver committed aggravated assault by intentionally running up to Wallace, pointing a pistol at him, and shooting him. These actions do not support a finding of voluntary manslaughter or involuntary manslaughter, and the trial court correctly refused to charge the jury on either kind of manslaughter.

5. Oliver also alleges that the trial court misled the jury into believing that it could convict him of felony murder based on a finding that he had committed simple assault, which is a misdemeanor,

---

[6] See *Jackson v. Denno*, 378 U. S. 368 (84 SC 1774, 12 LE2d 908) (1964).

[7] See *Walton v. State*, 267 Ga. 713, 715-716 (482 SE2d 330) (1997).

[8] See *Walton*, 267 Ga. at 718.

[9] See *Smith v. State*, 264 Ga. 857, 859-860 (452 SE2d 494) (1995); *Walton*, 267 Ga. at 718; *Delay v. State*, 258 Ga. 229, 231 (367 SE2d 806) (1988).

[10] See *Worthem v. State*, 270 Ga. 469, 471 (509 SE2d 922) (1999).

[11] See *Williams v. State*, 263 Ga. 135, 138 (429 SE2d 512) (1993).

rather than aggravated assault, which is a felony.[12] Although the trial court charged the jury on simple assault, the trial court's charge explained that aggravated assault was the predicate offense for a conviction of felony murder. The indictment, which the jury had with it during deliberations, also explained that aggravated assault was the underlying felony for the charge of felony murder. When looked at as a whole, the trial court's charges adequately informed the jury that aggravated assault — and not simple assault — was the underlying felony supporting the felony murder charge. Furthermore, the evidence established that Oliver committed aggravated assault on Wallace. Therefore, the charge on simple assault was inapplicable to Oliver's conduct toward Wallace.

6. Finally, because Oliver did not request a charge on impeachment by conviction, the trial court did not err in failing to charge the jury on that type of impeachment.[13]

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2001 —
RECONSIDERATION DENIED DECEMBER 3, 2001.

*J. M. Raffauf*, for appellant.

*Paul L. Howard, Jr.*, District Attorney, *Bettieanne C. Hart, Angel Wheeler*, Assistant District Attorneys, *Thurbert E. Baker*, Attorney General, *Ruth M. Bebko*, Assistant Attorney General, for appellee.

---

[12] Compare OCGA § 16-5-20 (simple assault) with § 16-5-21 (aggravated assault).

[13] See *Harwell v. State*, 270 Ga. 765, 770 (512 SE2d 892) (1999); *Burger v. State*, 245 Ga. 458, 459 (265 SE2d 796) (1980); see also *Barner v. State*, 263 Ga. 365, 367 (434 SE2d 484) (1993).