S01A1610. DOLENSEK v. THE STATE.
(558 SE2d 713)

CARLEY, Justice.

Jason Marcus Dolensek was found guilty of felony murder, aggravated assault, and one count of possession of a firearm during the commission of a felony. The trial court correctly treated the underlying felony of aggravated assault as having "merged, as a matter of law, into the felony murder [so that] a separate sentence for that underlying felony [was] not . . . authorized. [Cit.]" *Malcolm v. State,* 263 Ga. 369, 372 (5) (434 SE2d 479) (1993). Therefore, the trial court entered judgments of conviction and sentenced Dolensek to life imprisonment for felony murder and a consecutive term of years for firearm possession. A motion for new trial was denied, and he appeals.[1]

1. Construed in support of the verdict, the evidence shows that Dolensek and several friends drove to an apartment complex and there confronted the victim and a group of his friends. The confrontation stemmed from a growing conflict over the termination of a romantic relationship between a man in the victim's group, Max Wu, and a woman in Dolensek's group. After fighting began, Dolensek fired a gun several times. One shot struck and killed the victim, who did not have a gun and did not make any threats to use a weapon. When police arrived, Dolensek was still at the scene and admitted

---

[1] The crimes occurred on April 6, 1998. The grand jury returned the indictment on January 6, 1999. The jury found Dolensek guilty on March 11, 1999, and the trial court entered the judgments of conviction and sentences on March 16, 1999. Dolensek filed a motion for new trial on March 30, 1999, and amended it on August 22, 2000. The trial court denied that motion on September 18, 2000, and Dolensek filed a notice of appeal on October 16, 2000. The case was docketed in this Court on July 27, 2001 and submitted for decision on September 17, 2001.

that he shot the victim, but asserted that he did so in self-defense. The evidence was sufficient to authorize a rational trier of fact to find Dolensek guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Knight v. State*, 271 Ga. 557, 558 (1) (521 SE2d 819) (1999).

2. Dolensek contends that the trial court erred in excluding a portion of a 911 tape from evidence. The tape contains Kimberly James' description of what she was seeing from her apartment window. Near the end of the tape, some 10 to 12 minutes after the shooting, however, is the background statement of her brother-in-law Robert James indicating that someone just left the scene with a gun. Defense counsel asserted that Mr. James' statement comes within the res gestae and necessity exceptions to the hearsay rule, but the trial court ruled that it was inadmissible hearsay.

Statements made by bystanders are admissible as part of the res gestae to throw light on an occurrence, but only if they are clearly free from all suspicion of device or afterthought and are not merely the expression of opinions or conclusions. OCGA § 24-3-3; *Henderson v. State*, 210 Ga. 680, 682-683 (2) (82 SE2d 638) (1954).

"The res gestae exception . . . dispenses with the presence of the declarant in court and with the administering of an oath, but it cannot properly dispense with the requirement that in some way, at least, and with some degree of persuasive force, it must appear that he was in reality a witness to the thing which he declared." [Cit.] . . . Absent evidence showing that the declarant spoke from personal knowledge, the statement is reduced to a mere expression of an opinion or conclusion, which is inadmissible. [Cits.]

*Freeman v. Lambert,* 168 Ga. App. 751, 752-753 (1) (309 SE2d 873) (1983). See also *A Child's World v. Lane*, 171 Ga. App. 438, 441 (4) (319 SE2d 898) (1984). The transcript indicates some uncertainty as to whether Mr. James' statement was based on his personal knowledge. Ms. James was looking at the crime scene, but did not see another gun herself, and testified that it was possible that Mr. James heard someone in the parking lot claiming to have seen a gun. Other circumstances also support the trial court's ruling. Mr. James' statement involved the possession of a weapon by an unidentified person at a time well after completion of the crime itself. See *Felder v. State*, 270 Ga. 641, 645 (8) (514 SE2d 416) (1999); *Jones v. State*, 167 Ga. App. 847, 848-849 (3) (307 SE2d 735) (1983). The determination of admissibility under the res gestae exception to the hearsay rule is left to the sound discretion of the trial court and will not be disturbed on appeal unless that determination is clearly erroneous. *Andrews v.*

*State*, 249 Ga. 223, 227-228 (290 SE2d 71) (1982). We find that the trial court's ruling that Mr. James' statement was inadmissible under the res gestae exception was not clearly erroneous.

In seeking admission of Mr. James' statement, Dolensek also relied on the necessity exception. The State conceded that the declarant was unavailable, but argued that there were not sufficient indicia of reliability. The determination under the necessity exception of whether the testimony was accompanied by particular guarantees of trustworthiness is, like the applicability of the res gestae exception, a matter for the trial court's discretion and will be disturbed only if there is an abuse of that discretion. *Thomas v. State*, 274 Ga. 156, 162-163 (8) (549 SE2d 359) (2001); *White v. State*, 273 Ga. 787, 790 (3) (546 SE2d 514) (2001). As noted above, Mr. James' statement may itself have been based on hearsay. Furthermore, he gave a subsequent written statement to police which makes no mention of anyone leaving the scene with a gun. Accordingly, we find that the exclusion of Mr. James' statement on the 911 tape was not an abuse of the trial court's discretion. See *McCulley v. State*, 273 Ga. 40, 42 (2) (a) (537 SE2d 340) (2000).

3. Dolensek urges that the trial court erred in prohibiting him from presenting evidence of threats Mr. Wu made against others prior to the crime. Relying on the doctrine of transferred intent in the context of self-defense, Dolensek argues that the evidence was admissible to show the reasonableness of his belief that Mr. Wu meant to cause him deadly harm. See *McMichen v. State*, 265 Ga. 598, 610 (20) (458 SE2d 833) (1995). In order to introduce such evidence, however, Dolensek initially had to establish a justification defense as to which the prior threats of Mr. Wu would be relevant. See *Johnson v. State*, 270 Ga. 234, 236 (3) (507 SE2d 737) (1998). To make a prima facie showing of self-defense under the doctrine of transferred intent, Dolensek would have to show that Mr. Wu was an aggressor who assaulted him and that, although he actually shot the victim, he was honestly trying to defend himself from Mr. Wu. See *Stobbart v. State*, 272 Ga. 608, 610 (2) (533 SE2d 379) (2000). However, Dolensek did not testify either that Mr. Wu attacked him or that he feared Mr. Wu. Indeed, other testimony demonstrated that Mr. Wu was part of a different group of the victim's friends. That group did not attack Dolensek, but was involved in a separate altercation with a friend of his. Thus, the trial court correctly excluded evidence of the prior threats by Mr. Wu.

4. Dolensek also enumerates as error the trial court's exclusion of evidence of pre-trial threats made subsequent to the crime by Mr. Wu against friends of Dolensek who were called as witnesses by the State. This evidence is no more relevant to the justification defense than are the prior threats of Mr. Wu discussed in Division 3. See

*Daniel v. State*, 205 Ga. App. 737, 738 (3) (423 SE2d 432) (1992). Dolensek generally argues that Mr. Wu's subsequent threats, made 11 months before trial, impact the credibility of the witnesses who were threatened. However, Dolensek has not shown how Mr. Wu's conduct was detrimental to his defense. See generally *Williams v. State*, 201 Ga. App. 866, 867 (2) (412 SE2d 586) (1991); *Daniel v. State*, 196 Ga. App. 160, 162 (4) (395 SE2d 638) (1990). The pre-existing animosity between Mr. Wu and Dolensek and his friends was uncontroverted. There was no evidence that the testimony of the State's witnesses who were allegedly intimidated by Mr. Wu was inconsistent with any pre-trial statements to the police. The trial court properly held that this line of inquiry was not relevant to a determination of credibility.

5. Citing our recent decision in *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001), Dolensek complains of the trial court's charge to the jury that it may infer the intent to kill from his use of a deadly weapon. Although this charge was erroneous under *Harris*, the error was harmless because the jury acquitted Dolensek "of malice murder and, instead, convicted him of felony murder. Unlike malice murder, felony murder does not require intent to kill; rather, the defendant only must have intended to commit the underlying felony. [Cits.]" *Oliver v. State*, 274 Ga. 539, 540 (2) (554 SE2d 474) (2001).

6. Relying on *Turner v. State*, 262 Ga. 359 (2) (418 SE2d 52) (1992), Dolensek also contends that the trial court erred by refusing to instruct the jury on the defense of accident. Although, under *Turner*, instructions on both accident and self-defense may be appropriate where the facts support inferences as to both, the evidence presented at trial demonstrated that Dolensek intentionally fired his gun. *Shorter v. State*, 270 Ga. 280 (2) (507 SE2d 757) (1998). According to his own testimony, he fired his weapon to defend himself and to scare off his attackers. "Such an intentional firing does not invoke the legal defense of accident. [Cits.]" *Berry v. State*, 267 Ga. 476, 478 (3) (480 SE2d 32) (1997). Because the evidence presented on Dolensek's behalf failed to raise the defense of accident, the trial court did not err by refusing to give a charge on that defense. *Shorter v. State*, supra; *Berry v. State*, supra.

*Judgments affirmed. All the Justices concur.*

DECIDED JANUARY 14, 2002.

*Sharon L. Hopkins*, for appellant.
*Daniel J. Porter, District Attorney, David K. Keeton, Assistant*

District Attorney, *Thurbert E. Baker*, Attorney General, *Madonna M. Heinemeyer*, Assistant Attorney General, for appellee.