## S02A0458. SPENCER v. THE STATE.
(563 SE2d 839)

SEARS, Presiding Justice.

The appellant, Jerry Spencer, appeals from his convictions of felony murder and influencing a witness stemming from the stabbing death of Frank Gottus.[1] On appeal, Spencer contends that he received ineffective assistance of trial counsel, and that the trial court erred in instructing the jury that it could infer Spencer's intent to kill from his use of a deadly weapon. Because we conclude that Spencer's ineffectiveness claim is without merit and that the trial court's charge on intent, though erroneous, was harmless, we affirm.

1. The evidence would have authorized a rational trier of fact to find that Spencer stabbed and killed Gottus at a boarding house where they both lived, and that Spencer threatened to harm an eyewitness to the stabbing if the witness did not remain silent. Having

---

[1] The crimes occurred on October 3, 1998, and Spencer was indicted on December 30, 1998, for malice murder; felony murder, with aggravated assault as the underlying felony; aggravated assault with a deadly weapon; aggravated assault with intent to rob; and influencing a witness. On November 12, 1999, a jury found Spencer not guilty of malice murder; guilty of felony murder, with aggravated assault with a deadly weapon as the underlying felony; guilty of aggravated assault with a deadly weapon; not guilty of aggravated assault with intent to rob; and guilty of influencing a witness. On November 22, 1999, the trial court sentenced Spencer to life in prison for felony murder and to five consecutive years in prison for the offense of influencing a witness. The underlying aggravated assault conviction merged into the felony murder conviction. Spencer's trial counsel filed a motion for new trial on December 6, 1999. The court reporter certified the trial transcript on December 10 and December 13, 1999. Spencer obtained new appellate counsel, and on December 12, 2000, and June 14, 2001, Spencer amended his motion for new trial. The trial court denied the motion for new trial, as amended, on September 20, 2001, and Spencer filed a notice of appeal on September 25 and amended notice of appeal on October 8, 2001. The appeal was docketed in this Court on December 7, 2001, and was orally argued on March 11, 2002.

reviewed the record in the light most favorable to the verdict, we conclude that the evidence is sufficient to support the convictions of felony murder and influencing a witness.[2]

2. Spencer contends that his trial counsel failed to adequately investigate his case and provided ineffective assistance of counsel. For the following reasons, we find no merit to this contention.

"To establish that trial counsel was ineffective, appellant must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense such that there is a reasonable probability that, but for the unprofessional conduct, the outcome of the trial would have been different."[3] As for Spencer's contention that trial counsel failed to adequately investigate the case, the record reveals that trial counsel, among other things, met with Spencer eight times and spent over six hours with him; that trial counsel visited the scene of the crime and observed the lighting conditions; that trial counsel hired an investigator who located other witnesses at the boarding house and who investigated the criminal histories of the State's witnesses; and that trial counsel reviewed the State's entire file and filed numerous motions on Spencer's behalf. With regard to a person who Spencer testified at the motion for new trial hearing was a possible suspect that his trial counsel did not investigate, trial counsel testified that Spencer did not mention this person before trial. For these reasons, we conclude that Spencer has failed to carry his burden to show that trial counsel's performance in investigating the case was deficient.

Moreover, Spencer completely fails to state how a different investigation of his case by trial counsel would have, with reasonable probability, changed the outcome of his trial, and he therefore has failed to carry his burden to show that his counsel's performance was prejudicial to him.[4]

For these reasons, we conclude that Spencer's claim of ineffective assistance of trial counsel is without merit.

3. Although the trial court's charge that the jury may infer the intent to kill from the use of a deadly weapon was erroneous under this Court's holding in *Harris v. State*,[5] the error was harmless, as Spencer was found not guilty of malice murder and was instead convicted of felony murder.[6] Moreover, contrary to Spencer's contention, the trial court's charge on aggravated assault did not contain any

---

[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Washington v. State*, 274 Ga. 428, 430 (554 SE2d 173) (2001).

[4] Id.

[5] 273 Ga. 608, 610 (543 SE2d 716) (2001).

[6] *Dolensek v. State*, 274 Ga. 678, 681 (558 SE2d 713) (2002); *Oliver v. State*, 274 Ga. 539, 540 (554 SE2d 474) (2001).

instruction on intent that violated the rule set forth in *Harris*.
*Judgment affirmed. All the Justices concur.*

DECIDED MAY 13, 2002.

*Martin G. Hilliard*, for appellant.
*Spencer Lawton, Jr.*, District Attorney, *Christine S. Barker*, Assistant District Attorney, *Thurbert E. Baker*, Attorney General, *Ruth M. Bebko*, Assistant Attorney General, for appellee.