## S02A0870. AUSTIN v. THE STATE.
(566 SE2d 673)

CARLEY, Justice.

Steven Austin fatally shot his father, and then fled the scene in his car. The authorities subsequently captured him after a high-speed chase. At trial, Austin raised a justification defense. Claiming that he suffered a lifetime of abuse from the victim, he presented lay and expert witnesses who testified in support of his battered-person claim. However, the jury found appellant guilty of malice murder and of attempting to elude law enforcement officers. The trial court sentenced him to life imprisonment for murder and to a consecutive 12-month term for attempt to evade the police, and Austin appeals.[1]

1. The jury was not required to believe the testimony of the defense witnesses who supported the battered-person claim, but it was authorized to find, instead, that Austin intentionally shot the victim under circumstances which did not constitute self-defense and that he thereafter attempted to evade capture. When thus construed most strongly in favor of the verdict, the evidence was sufficient to

---

[1] The crimes were committed on October 31, 1999. The grand jury indicted Austin on March 30, 2000. The jury returned the guilty verdicts on February 9, 2001. On February 13, 2001, the trial court entered judgments of conviction and imposed the sentences. On March 2, 2001, appellant filed a motion for new trial, which the trial court denied on December 20, 2001. Austin file a notice of appeal on January 11, 2002. The case was docketed in this Court on February 27, 2002. Oral argument was heard on June 18, 2002.

authorize a rational trier of fact to find proof beyond a reasonable doubt that he was guilty of the crimes for which he was tried. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant correctly contends that the trial court erred in charging that the jury could infer the intent to kill from his use of a deadly weapon. "[T]he giving of a 'use of a deadly weapon' charge is error, whether or not it is accompanied by an instruction that the jury has discretion to make the inference." *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001). *Harris* was decided subsequent to Austin's trial, but it nevertheless applies in the context of this direct appeal of the conviction for malice murder. *Harris*, supra at 610 (2).

However, the trial court denied the motion for new trial, concluding that the erroneous instruction was harmless because appellant's intent was not a contested issue. A battered-person claim is "an evidentiary component of the defense of justification. . . ." *Smith v. State*, 268 Ga. 196, 199 (486 SE2d 819) (1997). One who asserts self-defense does not deny the intent to inflict the injury, but urges that the act was legally justified by a reasonable fear of immediate serious harm to oneself or another. *White v. State*, 255 Ga. 731, 733 (2) (c) (342 SE2d 304) (1986). Battered-person evidence, if believed by the trier of fact, may authorize a finding that a reasonable individual who experienced prior physical abuse such as that suffered by the defendant at the hands of the victim would reasonably believe that the use of force was necessary on the occasion in question, even though that belief was erroneous. *Smith v. State*, supra at 199.

Thus, as the trial court found, Austin's intent to kill his father was not a contested issue at trial. If the jury believed the defense witnesses, then appellant's admittedly intentional act of shooting his father was justified. If the jurors did not credit the testimony of those witnesses and believed the State's evidence, then the intentional shooting was a malicious act. The *Harris* charge did not relate to the justification defense, and was strictly limited to a presumption of an intent to kill. Thus, it did not shift to the defendant any burden of disproving that his intentional act was malicious, and it did not expressly instruct the jury that it could infer malice from the use of a weapon. Compare *Pace v. State*, 274 Ga. 69, 70 (2) (548 SE2d 307) (2001) (unconstitutional burden-shifting charges on both intent and malice). Indeed, the trial court charged that the burden was on the State to prove every essential element of appellant's guilt of malice murder beyond a reasonable doubt, including the burden of disproving his claim of justification. Compare *Pace v. State*, supra at 70 (2). The verdict of guilt of malice murder could be based only upon a finding that Austin was not justified when he intentionally shot the victim, and the instructions given the jury as to the battered-person claim were full and fair. Under the particular circumstances of this

case, we find that the erroneous charge on the uncontested issue of intent to kill was harmless. See *Harris v. State*, 274 Ga. 422, 426 (6) (d) (554 SE2d 458) (2001).

3. (a) In a search of the residence that appellant and his father shared, the officers found a pistol in a duffel bag in the bedroom apparently occupied by the victim. An eyewitness to the homicide testified for the State and, on direct examination, stated that the victim had his gun nearby at the time Austin killed him in the living room. In a prior video statement, however, she did not mention this, but had indicated that the victim's gun was in a bedroom. Thus, her pretrial statement as to the location of the victim's gun was consistent with the results of the search of the premises, but inconsistent with her trial testimony. The prosecutor gave the witness ample opportunity to explain the discrepancy. Under these circumstances, the trial court properly allowed the State to impeach her on the basis that the pretrial statement was inconsistent with her trial testimony. *Rollins v. State*, 262 Ga. 698, 699 (1) (425 SE2d 285) (1993).

(b) Appellant further contends that the State failed to lay a proper foundation for admission of the videotape because it was partially incomplete. The detective who took the statement testified that the microphone inadvertently remained switched off until shortly after the interview began. However, he also stated that, with the exception of the inaudible introductory portion, the tape accurately reflected what was said at the time. The officer was subject to a thorough and sifting cross-examination by the defense. Therefore, the trial court correctly admitted the tape into evidence over the objection that the brief lack of sound adversely affected its admissibility. *Johnson v. State*, 271 Ga. 375, 378 (4) (519 SE2d 221) (1999).

4. On direct examination, a psychologist for the defense testified that, in reaching the opinion that Austin was a battered person, he relied in part upon a report prepared by a State forensics expert. On cross-examination, the trial court overruled a hearsay objection and allowed the prosecution to question the psychologist about that limited portion of the report upon which he relied. Cross-examination about hearsay upon which an expert's opinion rests is permissible, in order to assist the jury in assessing the credibility of that opinion. *Leonard v. State*, 269 Ga. 867, 871 (3) (506 SE2d 853) (1998). Thus, the trial court correctly overruled the hearsay objection.

5. If an expert expresses "a conclusion based on information furnished by others . . . , then all the information utilized by that expert in forming an opinion should be presented to the jury to enable the jury to evaluate the expert's testimony." *Stewart v. State*, 246 Ga. 70, 76 (4) (b) (268 SE2d 906) (1980). Because the defense psychologist also testified that he relied upon appellant's medical records in reaching the conclusion that his client was not malinger-

ing or faking the battered-person claim, the trial court correctly permitted the prosecutor to cross-examine the expert about those records.

*Judgments affirmed. All the Justices concur.*

DECIDED JULY 15, 2002.

*Leslie J. Cardin*, for appellant.

*Stephen D. Kelley, District Attorney, Jacquelyn L. Johnson, Assistant District Attorney, Thurbert E. Baker, Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.