## S03A0892. ROSS v. THE STATE.
### (583 SE2d 850)

CARLEY, Justice.

The grand jury indicted Quinton Ross and two others for malice murder, felony murder, armed robbery, robbery by sudden snatching, aggravated assault, and possession of a firearm by a person on probation as a felony first offender. The trial court directed a verdict on the robbery count, and the jury acquitted Ross of malice murder, but found him guilty of the remaining counts. The trial court entered judgments of conviction only on the felony murder and firearm possession verdicts and sentenced Ross to life imprisonment and a consecutive five-year term. The trial court denied a motion for new trial

---

and Ross appeals.[1]

1. Construed in support of the verdict, the evidence, including the testimony of several eyewitnesses, shows that, after the victim tried to purchase cocaine, Ross attempted to pull him from his truck, shot him when he resisted, demanded money from him, and struck him in the head. When the victim threw his money on the pavement, Ross and one of his co-indictees picked it up and fled. The victim died from the gunshot wound. This evidence was sufficient to enable a rational trier of fact to find Ross guilty beyond a reasonable doubt of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Marshall v. State*, 275 Ga. 740, 741 (1) (571 SE2d 761) (2002); *Williams v. State*, 275 Ga. 622 (1) (571 SE2d 385) (2002); *Wilcox v. State*, 271 Ga. 544, 545 (1) (522 SE2d 457) (1999).

2. The trial court erred in charging the jury that it could infer intent to kill from the use of a deadly weapon. *Harris v. State*, 273 Ga. 608, 610 (2) (543 SE2d 716) (2001). However, we have repeatedly held that the giving of a *Harris* charge is harmless error where, as here, the defendant stands convicted of felony murder rather than malice murder. *Marshall v. State*, supra at 741 (2); *Chapman v. State*, 275 Ga. 314, 316 (3) (565 SE2d 442) (2002); *Spencer v. State*, 275 Ga. 192, 193 (3) (563 SE2d 839) (2002); *Dolensek v. State*, 274 Ga. 678, 681 (5) (558 SE2d 713) (2002); *Oliver v. State*, 274 Ga. 539, 540 (2) (554 SE2d 474) (2001). " 'Unlike malice murder, felony murder does not require intent to kill; rather, the defendant only must have intended to commit the underlying felony. (Cits.)' [Cit.]" *Dolensek v. State*, supra at 681 (5). Ross attempts to distinguish our previous decisions on the ground that the jury here may have based its felony murder verdict on the commission of robbery, which was not properly before the trier of fact. However, both the court's instructions and the verdict clearly show that the jury did not find Ross guilty of robbery, and "neither felony murder nor aggravated assault [nor armed robbery] is a crime that requires proof of malice or intent to kill." *Chapman v. State*, supra at 316 (3). Furthermore, Ross' reliance on the observation in *Oliver* that there was overwhelming evidence of intent to commit aggravated assault is misplaced. This Court has not established a requirement that the evidence supporting the underlying felony be overwhelming in order to support a finding of harmless error.

---

[1] The crimes occurred on October 16, 1997. The grand jury returned the indictment on March 13, 1998. The jury found Ross guilty on May 7, 1998 and the trial court entered the judgments of conviction and sentences on May 12, 1998. Ross filed a motion for new trial on June 4, 1998, and the trial court denied that motion on November 27, 2002. Ross filed a notice of appeal on December 18, 2002. The case was docketed in this Court on March 6, 2003 and submitted for decision on April 28, 2003.

*Marshall v. State*, supra at 741 (2); *Chapman v. State*, supra at 316 (3); *Spencer v. State*, supra at 193 (3); *Dolensek v. State*, supra at 681 (5). Such a requirement would be entirely inconsistent with the rationale for finding a *Harris* error to be harmless in felony murder cases.

Accordingly, the erroneous giving of a *Harris* charge is not reversible error in this case, because the jury acquitted Ross "'of malice murder and, instead, convicted him of felony murder. . . . (Cits.)' [Cit.]" *Dolensek v. State*, supra at 681 (5).

*Judgments affirmed. All the Justices concur.*

DECIDED JULY 10, 2003.

*Carl P. Greenberg*, for appellant.

*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Jennifer S. Gill, Assistant Attorney General*, for appellee.