### A11A0276. WESBY v. THE STATE.
(712 SE2d 631)

BARNES, Presiding Judge.

A Burke County jury found Deandre Wesby guilty of burglary, aggravated assault, and possession of a firearm during the commission of a crime. He now appeals the denial of his motion for new trial, contending that the evidence was insufficient. Upon our review, we affirm.

> On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.

(Citation omitted.) *Millender v. State*, 286 Ga. App. 331 (1) (648 SE2d 777) (2007).

So viewed, the evidence shows that the victim was watching television when she heard a noise in her back yard. She looked outside and saw a young man standing near her toolshed. The victim yelled at the intruder to leave, and he appeared to follow her order, disappearing behind the shed to a wooded area. Soon after the victim resumed watching television, she heard a noise at her back door and upon investigation, discovered a man standing between the storm door and the back door. He had a shotgun propped on the ground near him as he attempted to enter the house. The victim quickly closed the door, but as she did so a shotgun blast burst through the door and she was shot in the abdomen. The victim called her husband, who directed her to call 911, after which police and paramedics responded and she was transported to the hospital. The victim could not identify her attacker but said that he was a teenaged African-American male. She identified the person she saw at the toolshed as a teenaged African-American male also.

A short while later, an officer responding to the call noticed two teenaged African-American males walking within the vicinity of the

victim's home. One of the teenagers appeared to be carrying a cooler-like object. The officer identified the man carrying the object as Wesby. At the time, the officer was unaware that one of the items taken from the victim's toolshed was a cooler with a built-in radio. A search dog picked up a scent at the victim's house and led police to the nearby woods where they discovered sneaker prints, copper tubing, a bucket, and an empty box with the picture of a cooler-type device with a built-in radio. The dog led police through the woods to a house where Wesby lived, but then lost the scent. The first officer recalled seeing Wesby carrying an object that looked like the picture on the discarded box, and police thereafter questioned, then later arrested, Wesby. Wesby denied being involved in the incident, and told police that the cooler-radio he was carrying belonged to him, and that he had purchased it at Big Lots "about a year" earlier. The victim's husband identified the radio as an item missing from his shed. In a second statement to police, Wesby said that he found the radio in the woods, and named two men he saw run past his house with guns on the day of the incident.

Police searched Wesby's home, and recovered shotgun shells that matched the bird shot pellets removed from the victim, and also a size $9^{1}/_{2}$ Adidas sneaker with treadmarks similar to ones of the cast police made of the footprint found at the scene of the crime. The shoes Wesby had on when he was questioned did not have similar treadmarks, nor were they the same size.

At trial, Wesby testified that he found the radio in the woods, and as he was heading back to his house he heard two gunshots. Shortly after returning home, he saw two men run through his yard. According to Wesby, one man had a shotgun and the other had a pistol. He testified that he yelled at the men and asked why they were in his yard, and one of the men placed a finger to his lips, indicating that Wesby should be quiet. Wesby further testified that he knew the men and had given police their identities.

In his sole enumeration of error, Wesby contends that the circumstantial evidence was insufficient to sustain his conviction, but it merely placed him in the vicinity of the crime in possession of one of the stolen objects. See OCGA § 24-4-6. However, the evidence presented by the State placed Wesby near the scene of the crime in possession of a item stolen from the shed, footprints at the crime scene matched a shoe found in Wesby's house, police dogs tracked a scent originating from the victim's house to the discarded radio box and ending at Wesby's house, Wesby was not truthful during his first interview with police, and he apparently changed his original state-ment more than one time.

It is the jury's role to resolve conflicts in the evidence and determine the credibility of witnesses. . . . Questions as to the reasonableness of hypotheses are generally to be decided by the jury which heard the evidence and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law.

(Citations and punctuation omitted.) *Allen v. State*, 275 Ga. 64, 66 (1) (561 SE2d 397) (2002). Wesby's alternative theory regarding the crimes was "presented to and rejected by the jury." *O'Donnell v. State*, 258 Ga. 782, 783 (1) (374 SE2d 729) (1989). In this case, the jury was not required to believe Wesby's version of events, but could have found, instead, that he was involved in the robbery and assault of the victim. See *Austin v. State*, 275 Ga. 346 (1) (566 SE2d 673) (2002).

Regarding the possession of a firearm during the commission of a crime conviction, the presence of a weapon

may be established by circumstantial evidence, and a conviction . . . may be sustained even though the weapon itself was neither seen nor accurately described by the victim. Some physical manifestation of a weapon is required, however, *or some evidence from which the presence of a weapon may be inferred*. [Cit.]

(Emphasis in original.) *Prins v. State*, 246 Ga. App. 585, 586 (1) (539 SE2d 236) (2000), disapproved on other grounds, *Miller v. State*, 285 Ga. 285, 287, n. 1 (676 SE2d 173) (2009).

Accordingly, after reviewing the evidence in the light most favorable to the verdict, we find that the evidence was sufficient to authorize a rational trier of fact to find that all reasonable hypotheses save Wesby's guilt had been excluded and to find him guilty beyond a reasonable doubt.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED JUNE 22, 2011.

*Joshua B. Smith*, for appellant.

*Ashley Wright, District Attorney, Charles R. Sheppard, Assistant District Attorney*, for appellee.