## 34853. BOSWELL v. THE STATE.

HALL, Justice.

This is an out-of-time appeal from a 1973 murder conviction and life sentence.

Boswell contends that the following charges given at his trial were burden-shifting under Mullaney v. Wilbur, 421 U. S. 684 (1975) and *State v. Moore,* 237 Ga. 269 (227 SE2d 241) (1975):

"The burden is on the defendant to establish by this [sic] preponderance of the evidence, not beyond a reasonable doubt, but by a preponderance of the evidence, that at the time of the alleged offense, he was mentally irresponsible under tests that have been recognized by the law of Georgia."

"While the burden of the proof is on the defendant to establish his defense of insanity by the preponderance of the evidence as I have defined, you should, if you have a reasonable doubt as to his sanity at the time of the alleged murder charged against him was [sic] committed, you are to give him the benefit of the doubt and acquit him on those grounds."

These charges are proper under Patterson v. New York, 432 U. S. 197 (1977); Grace v. Hopper, 566 F2d 507 (5th Cir.) cert. den. 99 SC 139 (1978); *Pierce v. State,* 243 Ga. 454 (1979); *Durham v. State,* 239 Ga. 697, 698 (238 SE2d 334) (1977).

The final enumeration of error is deemed abandoned under Rule 18 (c) (2) of this court.

*Judgment affirmed. All the Justices concur.*

SUBMITTED MAY 15, 1979 — DECIDED MAY 31, 1979.

*James M. Watts,* for appellant.

*Frank C. Mills, III, District Attorney, Arthur K. Bolton, Attorney General, Michael R. Johnson, Staff Assistant Attorney General,* for appellee.