## 35251. OLIVER v. THE STATE.

Per curiam.

The appellant was convicted of murder and sentenced to life imprisonment. His defense was insanity. He contends that he was denied a fair trial because of improper statements by the trial court. We disagree and affirm.

1. The charge on the defense of insanity was proper. *Boswell v. State,* 243 Ga. 732 (256 SE2d 470) (1979).

2. The appellant contends he was denied a fair trial because the trial court, at the beginning of the trial, referred to the appellant's attorney by the wrong name, apologized and explained that he had not met him before. We disagree. This comment did not reflect in any way or manner upon the appellant's attorney as in the case of United States v. Guglielmini, 384 F2d 602 (1967).

3. We find no error in the trial court's opening charge to the jury which stated that "Each juror must be free from bias or prejudice against the State and free from bias against the defendant."

4. Appellant contends that the trial court im-

properly objected to his attorney's cross examining a relative of the appellant and then improperly stated to his attorney that he had a right to except and that "The court will preserve every right you have in this case." The trial court did not err in raising the issue of whether the question asked by appellant's attorney was relevant or material to the issue in the case. See *Salter v. Williams,* 10 Ga. 186 (4) (1851). The statement of the trial court did not prejudice any right of the appellant. See *Bryant v. State,* 197 Ga. 641, 655 (30 SE2d 259) (1944).

5. Appellant contends that the trial court weakened his position before the jury by telling his counsel "Well, try to use intelligent discretion." The comment related to an objection by the prosecuting attorney that appellant's counsel was going too far afield in interrogating the appellant. We find no prejudicial error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED AUGUST 10, 1979 — DECIDED SEPTEMBER 5, 1979.

*Tommy Chason,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin J. Oehlert, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Mary Beth Westmoreland, Staff Assistant Attorney General,* for appellee.