## S96A1628. BOYD v. THE STATE.
(479 SE2d 724)

FLETCHER, Presiding Justice.

A jury found Spencer Boyd guilty of the murder of Joseph Andrew Newell and the trial court sentenced him to life imprison-

ment.[1] The issue at trial was whether Boyd was at the scene and shot Newell. Boyd challenges the admission of an eyewitness's statement to police and other evidentiary rulings and the trial court's comments before the jury on his case. Finding no reversible error, we affirm.

1. The evidence presented at trial shows that Newell had backed his red car into a driveway next to a field adjacent to 525 Corn Avenue in Albany, Georgia. As he switched on his lights and pulled away at a high rate of speed, a tall man fired three shots at the car. Newell's car stopped a few blocks away on a grassy area at an intersection. Police found him unconscious, and he died later at the hospital from a gunshot wound to the left mid-back. The driver's side window was shattered with half of the glass missing. A shell casing was found at the end of the driveway and glass fragments were found approximately five feet from the curb in the roadway in front of 525 Corn Avenue.

Fifteen-year-old Arika Taylor, an eyewitness, initially testified that she was walking on a path in the field next to 525 Corn, saw a red car parked by the path, heard gunshots, saw a tall boy running, and heard people calling the name Spencer. She later testified that the red car was still next to the path when she walked by and she was sitting inside her friend's house when she heard the shots. She further testified that she had lied on the night of the shooting when she told police that she saw Boyd standing at the red car and shooting the gun and recanted her testimony at the committal hearing in which she identified Boyd as the person shooting. In explaining these discrepancies, she testified that she was scared the night of the shooting, was not sure of the shooter's identity at the committal hearing, was trying to help out Irene Tolsom, and had been told to say that Boyd shot the gun at a white man. The assistant district attorney repeatedly asked Taylor to look at her when answering questions.

Because Taylor had repudiated her statement made to police two hours after the shooting, the state introduced that tape-recorded statement as substantive evidence under *Gibbons v. State*.[2] In the statement, Taylor told police that she was walking on the path to her friend's house and started to cross the street when a white man pulled off and "then a boy named Spencer had shot his car." She said that she had heard the white man say that he wanted Peaches. Boyd

---

[1] The shooting occurred on August 15, 1994, and Boyd was indicted on December 13, 1994. The jury found Boyd guilty on May 18, 1995, and the trial court sentenced him on June 23, 1995. Boyd filed a motion for a new trial on July 19, 1995, which the trial court denied on November 27, 1995. Boyd filed a notice of appeal on December 27, 1995. The case was docketed on July 9, 1996, and submitted for decision without oral arguments on September 2, 1996.

[2] 248 Ga. 858 (286 SE2d 717) (1982).

then sent Donnell McCoy, Taylor's boyfriend, across the street to get her.

Irene Tolsom, whose nickname was Peaches, testified that McCoy called her to the door that night between 12:00 and 1:00. She came out on the porch and saw Newell, whom she knew, sitting in his parked car across the street facing her house. He cut on his lights and started pulling out of the driveway when one shot went off and she ran in the house. She denied seeing the person who shot Newell or asking Taylor to say that Boyd was the shooter. McCoy testified that he saw a tall man resembling Boyd standing by the victim's car and saw the tall man shoot at the car as the victim attempted to drive away. The police detective in charge of the investigation testified that Taylor and Tolsom both told him within three hours of the shooting that Boyd was the shooter and McCoy identified Boyd as the shooter a week later.

In addition, the state presented testimony that Boyd told a fellow prisoner, Darrell Robinson, that he had planned to rob a "white dude" and shot him after he refused to give Boyd money. Robinson also testified that Boyd told him a girl "was supposed to have been with him at the first, but then she got scared and turned state or something and then he said something so she wouldn't be able to appear in court."

Boyd's defense was that he was not at 525 Corn when the shooting occurred. In his testimony, he denied shooting Newell or talking to Robinson. Instead, Boyd said that he was playing cards and listening to music with friends three blocks away when he heard shots and went running to see what had happened. Three friends testified at trial that Boyd was with them when they heard the shots. They admitted that they had never told the police about Boyd's alibi nor appeared to testify at the committal hearing.

Without the prior inconsistent statements and testimony, the evidence identifying Boyd as the shooter is limited. In determining the sufficiency of the evidence, however, we review the evidence in the light most favorable to the jury's determination of guilt. Applying that standard, we conclude that a rational trier of fact could have found Boyd guilty of the murder of Newell.[3]

2. Boyd objects to three evidentiary rulings of the trial court. We conclude that the trial court did not err in admitting Taylor's taped statement, failing to hold an in-camera hearing on the tape prior to its admission, or admitting a bullet and three bullet casings. The state was not obligated to produce Taylor's statement prior to trial

---

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

under *Brady v. Maryland*[4] because the statement was not favorable or exculpatory. Moreover, the trial court was not required to conduct an in-camera inspection of the taped statement immediately prior to its introduction to determine whether it contained inadmissible hearsay. Nor did the trial court commit prejudicial error in allowing the bullet and bullet casings into evidence.

3. The defendant also objects to the trial court's statements before the jury commenting on the materiality of the bullet casings, questioning defense counsel about the purpose of a cross-examination, and observing that the case was "sloppily run." These comments did not harm the defendant's right to a fair trial. The judge took "full responsibility for [the case] having been sloppily run" and neither expressed nor intimated his opinion on the state's proof or the defendant's guilt. Under these circumstances, the judge did not violate OCGA § 17-8-57.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 21, 1997.

*C. B. King & Associates, Chevene B. King,* for appellant.
*Britt R. Priddy, District Attorney, Gregory W. Edwards, Assistant District Attorney, Michael J. Bowers, Attorney General, Beth Attaway, Assistant Attorney General,* for appellee.

---

[4] 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).