S99A0095. MITCHELL v. THE STATE.
(516 SE2d 782)

SEARS, Justice.

Appellant Marlon Mitchell was convicted of felony murder and aggravated assault in the shooting death of Dane Clark.[1] On appeal, Mitchell contends, among other things, that the evidence is insufficient to support his convictions, and that the trial court erred in its charge on intent. Finding no merit to Mitchell's contentions, we affirm.

On the night of November 20, 1993, Mitchell, Edgar Edwards, Corey Hemphill, and Dane Clark were riding in a car together. Clark was driving the car, Hemphill was seated in the front passenger seat, Edwards was seated behind Clark, and Mitchell was seated behind Hemphill. Edwards testified that Hemphill began playing with a gun which, according to Edwards, was unloaded. Edwards added that Hemphill then passed the gun to Mitchell. Edwards also testified that, although he (Edwards) did not see Mitchell load the gun, Mitchell must have done so; that the group drove to a Taco Bell restaurant; and that, while sitting in the drive-through lane, Mitchell started "playing with the gun" and cocked it. According to Edwards, the gun was pointed at Clark's head; Mitchell said "fuck, nigger, fuck, nigger;" and "the gun just went off," striking Clark. Edwards added that Mitchell was in shock when Clark was shot. Hemphill testified that

---

[1] The crimes occurred on November 20, 1993, and Mitchell was indicted on July 15, 1994. Following a jury trial, Mitchell was found guilty of felony murder and aggravated assault on August 27, 1997. On September 26, 1997, the trial court merged the aggravated assault conviction with the felony murder conviction, and sentenced Mitchell to life in prison. Mitchell filed a motion for new trial on October 1, 1997, and the court reporter certified the transcript on October 14, 1997. Mitchell filed an amended motion for new trial on December 23, 1997. The trial court denied the motion for new trial, as amended, on March 31, 1998, and Mitchell filed a notice of appeal on April 8, 1998. The appeal was docketed in this Court on October 9, 1998, and was orally argued on January 27, 1999.

immediately before the shooting the victim had asked Mitchell for five dollars for gas money, and that Mitchell told him to "chill out."[2] Hemphill added that both Clark and Mitchell appeared angry during this exchange.

After the shooting, Mitchell, Edwards, and Hemphill fled on foot. A Taco Bell employee discovered the victim slumped over in the car, and notified a police officer who was in the restaurant. The police officer could not get the victim, who was still breathing, to respond. The victim later died from a gunshot wound behind his right ear. Several hours later after the shooting, Mitchell turned himself in to the police, and, in an in-custody interview, Mitchell stated that the shooting occurred as he was handing the gun to Hemphill in the front seat. Mitchell stated that the victim turned and saw the gun as Mitchell was handing it to Hemphill; that the sight of the gun must have startled Clark; that Clark reacted by hitting the gun with his arm; and that, when Clark hit the gun, it caused the gun to fire.

1. Mitchell first contends that the evidence is insufficient to support the conviction. However, having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found Mitchell guilty of felony murder beyond a reasonable doubt.[3]

2. Mitchell contends that the trial court erred in overruling his objection to the part of the State's opening statement in which the prosecutor referred to a part of a statement that Hemphill had made to the police before trial. Mitchell contends this was error because the trial court had reserved a ruling on the admissibility of Hemphill's statement until trial. We conclude, however, that any error in the prosecutor's conduct is harmless given that, during the trial, the trial court ruled that Hemphill's statement was admissible, and given that, after that ruling, Hemphill pled guilty to reckless conduct and testified for the State to the substance of what the prosecutor outlined in his opening statement.[4]

3. Contrary to Mitchell's contention, the trial court did not err in striking several prospective jurors for cause.[5]

4. Mitchell also contends that the trial court denied him a fair trial by admonishing defense counsel both out of and in the presence of the jury. As for the admonition out of the presence of the jury, we fail to see how it denied Mitchell a fair trial. Turning to the admoni-

---

[2] Hemphill and Mitchell were jointly indicted and tried for Clark's murder. Before the conclusion of the trial, however, Hemphill pled guilty to reckless conduct, and testified for the State.

[3] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[4] *Waldrip v. State*, 266 Ga. 874, 881 (471 SE2d 857) (1996).

[5] *Diaz v. State*, 262 Ga. 750, 753 (2) (c) (425 SE2d 869) (1993).

tion in the presence of the jury, the record shows that defense counsel was arguing that "the only reliable evidence, Ladies and Gentlemen, I think comes from . . . ." At that point, the prosecutor objected, contending that "[t]hat's at least the seventh time he's [defense counsel] offered his own opinion." The trial court then instructed defense counsel to stop offering his own opinion to the jury. Defense counsel stated that he would stop saying "I" during his argument. The trial court responded by stating that "I don't believe that, so don't make a commitment you can't keep. Ladies and Gentlemen, the evidence is what you think. It's not what any lawyer thinks of the evidence. That is the critical question before you."

Although it was unnecessary for the trial court to state that it did not believe that defense counsel could keep his commitment not to say "I" during his closing argument, we cannot conclude that this statement was so prejudicial as to deny Mitchell a fair trial.[6]

5. Mitchell contends that the trial court erred by denying his *Batson* challenge to the State's exercise of its peremptory strikes. Mitchell's entire argument in this regard is that the trial court "denied defendant's [*Batson*] motion in violation of *Chandler v. State,* 266 Ga. 509, 510 [(467 SE2d 562)] (1996)." Our review of the record, however, reveals that the trial court did not clearly err in finding that the State presented race-neutral reasons for its strikes.[7]

6. Mitchell contends that the trial court erred in its instructions to the jury on intent. Contrary to Mitchell's contention, however, the trial court's charge on intent was not couched in terms of presumptions, but was instead couched in terms of permissive inferences. We note, however, that the trial court failed to follow our direction that trial courts, after instructing in terms of permissive inferences, "reaffirm[ ] that it is within the jury's discretion whether or not it will draw such an inference."[8] Despite this omission, the trial court's charge was in accord with this Court's holding in *Thompson v. State*[9] and was not improperly burden-shifting.[10]

---

[6] See *Boyd v. State,* 267 Ga. 453, 456 (3) (479 SE2d 724) (1997); *Andrews v. State,* 254 Ga. 498, 499-500 (2) (330 SE2d 873) (1985); *Oliver v. State,* 244 Ga. 107, 108 (5) (259 SE2d 56) (1979).

[7] See *Smith v. State,* 268 Ga. 860, 862 (3) (494 SE2d 322) (1998); *Trammel v. State,* 265 Ga. 156, 157 (2) (454 SE2d 501) (1995).

[8] *Thompson v. State,* 257 Ga. 481, 483 (6) (361 SE2d 154) (1987). This instruction is part of the Suggested Pattern Jury Instructions, Volume II: Criminal Cases, p. 54, and should be included in any jury instruction regarding the inferences that can be drawn regarding intent.

[9] Id.

[10] See *Victorine v. State,* 264 Ga. 580 (2) (449 SE2d 91) (1994); *Wallace v. Higgs,* 262 Ga. 437, 438 (421 SE2d 69) (1992); *Mundy v. State,* 259 Ga. 634, 635-636 (7) (385 SE2d 666) (1989). See also *Clark v. State,* 265 Ga. 243, 246 (3) (c) (454 SE2d 492) (1995), in which we reiterated that the better practice is for trial courts not to charge on the inferences regard-

7. Mitchell's final contention is that the trial court erred in ruling against his claim that he received ineffective assistance of trial counsel. We find no error. With regard to each of Mitchell's claims of deficient performance, we conclude either that trial counsel's performance was not deficient or that, if deficient, Mitchell failed to show the required prejudice.[11] We therefore conclude that the trial court did not err in ruling against Mitchell's ineffectiveness claim.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 1, 1999 —
RECONSIDERATION DENIED JULY 6, 1999.

*Robert A. Maxwell,* for appellant.
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, David E. Langford, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jeanne K. Strickland, Assistant Attorney General,* for appellee.

---

ing intent that can be drawn from the use of a deadly weapon. In *Clark,* we noted that the general charges on intent and circumstantial evidence are sufficient by themselves. Id. at 246.

[11] *Berry v. State,* 267 Ga. 476, 479 (4) (480 SE2d 32) (1997); *Strickland v. Washington,* 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).