**FIFTH DIVISION**
**RICKMAN, C. J.,**
**MCFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 31, 2022

# In the Court of Appeals of Georgia

A21A1407. DONOVAN v. THE STATE.

MCFADDEN, Presiding Judge.

After a jury trial, John Patrick Donovan was convicted of two counts of felony cargo theft for stealing a semitrailer and its contents. See OCGA § 16-8-22 (b) (1). The trial court permitted Donovan to represent himself in post-conviction proceedings and, acting pro se, Donovan filed an unsuccessful motion to modify his sentence and represented himself in proceedings related to a motion for new trial previously filed by counsel. The trial court denied the motion for new trial and Donovan, now represented by counsel, filed this appeal.

As detailed below, we find no merit in Donovan's argument that the trial court lacked jurisdiction to rule on his motion for new trial. But we agree with Donovan that he did not validly elect to represent himself in post-conviction proceedings. So

we vacate the order denying Donovan's motion to modify his sentence and the order denying his motion for new trial, which the trial court entered while Donovan was representing himself in post-conviction proceedings, and we remand this case to the trial court for the post-conviction process to "start anew." *Allen v. Daker*, 311 Ga. 485, 505 (4) (858 SE2d 731) (2021).

Given this disposition, we do not address Donovan's remaining claims of error.

1. *Trial court's jurisdiction to consider motion for new trial*.

Donovan argues that the trial court lacked jurisdiction to rule on his motion for new trial. He asserts that the trial court was divested of jurisdiction when, on October 28, 2019, Donovan filed a notice of appeal from the trial court's order denying his pro se motion to modify his sentence. But the record shows that Donovan's motion for new trial was pending when Donovan filed the notice of appeal from the order denying the motion to modify his sentence; the motion for new trial was filed prematurely on November 16, 2018 and ripened on December 7, 2018, when the trial court entered the judgment of conviction and sentence. See *Southall v. State*, 300 Ga. 462, 465-466 (1) (796 SE2d 261) (2017).

When a "motion for new trial is pending, any notice of appeal to an appellate court has not yet ripened, and absent an applicable exception such as an interlocutory

2

appeal provided in OCGA § 5-6-34 (b), any appeal must be dismissed." *Jackson v. State*, 310 Ga. 224, 226 (1) (850 SE2d 131) (2020) (citation and punctuation omitted). For this reason, the notice of appeal that Donovan filed while his motion for new trial was pending did not divest the trial court of jurisdiction to rule on the motion for new trial.

2. *Donovan's election to represent himself in post-conviction proceedings.*

Donovan argues that the trial court erred when, on April 10, 2019, the trial court ruled that Donovan could represent himself in post-conviction proceedings. We agree.

Donovan had a right to counsel in post-conviction proceedings, including the proceedings related to his motion for new trial. See *Allen*, 311 Ga. at 497 (2) (using phrase "post-conviction proceedings" to include motion-for-new trial proceedings in considering a defendant's right to counsel). Although Donovan could "validly elect to represent himself during post-conviction proceedings by waiving his right to counsel either expressly or functionally[,]" id. at 497 (2) (citations omitted), the record shows that he did not waive his right to counsel in either way.

(a) *There was no express waiver of the right to post-conviction counsel.*

3

Donovan did not make a valid, express waiver of post-conviction counsel. "In most cases, before a defendant may properly proceed pro se in initial post-conviction proceedings and on direct appeal, he must be advised of the dangers of such self-representation and knowingly, intelligently, and voluntarily waive his right to appellate counsel on the record." *Allen*, 311 Ga. at 498 (2) (a). See generally *Faretta v. California*, 422 U. S. 806, 835 (V) (95 SCt 2525, 45 LEd2d 562) (1975) ("[I]n order to represent himself, the accused must 'knowingly and intelligently' forgo [the traditional benefits associated with the right to counsel]. Although a defendant need not himself have the skill and experience of a lawyer in order competently and intelligently to choose self-representation, he should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open.") (citations and punctuation omitted).

In *Allen v. Daker*, our Supreme Court held that an express waiver of the right to post-conviction counsel could not be based solely on the court's warnings about the dangers of self-representation *at trial*. See *Allen*, 311 Ga. at 498-499 (2) (a) (holding that "the record demonstrate[d] that Daker did not receive warnings regarding the dangers of self-representation on appeal and [so] did not expressly

4

waive his right to appellate counsel" even though the trial court had "explained to Daker in detail the consequences of his self-representation at trial and found that he was aware of his rights and the consequences of proceeding without an attorney [at that stage]"). As in *Allen*, the trial court in this case conducted a pretrial *Faretta* hearing in response to Donovan's earlier request to represent himself at trial, and at that hearing the trial court advised Donovan of the dangers of self-representation at trial. But those pretrial warnings did not address the dangers of self-representation in post-conviction proceedings and "the record contains no similar discussion with [Donovan] of the risks of self-representation with regard to *post-conviction* proceedings[.]" *Allen*, 311 Ga. at 499 (2) (a) (emphasis supplied).

The record shows that, after Donovan asked to represent himself post-conviction, the trial court held another hearing that the transcript describes as a *Faretta* hearing. But the discussion about self-representation at that hearing was extremely limited. Standby counsel who had assisted Donovan at trial and had filed the motion for new trial on his behalf informed the trial court of Donovan's desire to represent himself. Then the following colloquy between the trial court and Donovan occurred:

5

The Court: All right. Mr. Donovan, you certainly have a right to represent yourself. However, you tried that during the trial and you elected, I thought wisely, to allow [standby counsel] to represent you.[1] It's just difficult for a layperson to act as an attorney all of a sudden.

[Donovan]: Yes, sir. I appreciate what you are saying.

The Court: But that's what you want to do?

[Donovan]: Yes, sir, that's what I want to do.

The Court: I see in the file a motion for new trial filed November the 16th, 2018. Has there been any amended motion for new trial?

[Standby Counsel]: There has not, your Honor. Your Honor, that was a motion that I made just to have so we didn't miss any deadlines, your Honor.

The Court: I understand. All right. You may proceed on your motion for new trial, Mr. Donovan.

---

[1] Although Donovan represented himself at trial, he relied heavily on assistance from standby counsel, who among other things cross-examined many of the state's witnesses, made objections and argued other points to the court, and gave a closing argument.

6

After this colloquy, the trial court and Donovan discussed other topics related to his post-conviction proceedings. No further mention was made of the dangers of self-representation in post-conviction proceedings, and the trial court did not expressly find that Donovan had knowingly, intelligently, and voluntarily waived his right to post-conviction counsel.

There is no specific colloquy that trial courts must use before a waiver of post-conviction counsel is valid. See *Allen*, 311 Ga. at 498 (2) (a) n. 11. But the colloquy that *did* occur, set out in its entirety above, does not "reflect a finding on the part of the trial court that [Donovan] validly chose[] to proceed pro se [in the post-conviction proceedings or] that this choice was made after [Donovan] was made aware of his right to counsel and the dangers of proceeding without counsel [in those proceedings]." *Clarke v. Zant*, 247 Ga. 194, 196 (275 SE2d 49) (1981). So although Donovan made a valid election to represent himself at trial, he "did not expressly waive his right to [post-conviction] counsel." *Allen*, 311 Ga. at 499 (2) (a).

(b) *There was no functional waiver of the right to post-conviction counsel.*

The state does not argue and the record does not show that Donovan functionally waived his right to post-conviction counsel when the trial court permitted him to represent himself in April 2019. In the case of an indigent defendant such as

7

Donovan, a functional waiver occurs when the "trial court concludes that [the] defendant . . . is attempting to use the discharge and employment of counsel as a dilatory tactic and declines to continue a proceeding until the defendant obtains new counsel." *Allen*, 311 Ga. at 501 (2) (b) (ii). The trial court made no such conclusion in April 2019 when he ruled that Donovan could represent himself, and there is no evidence that, up to that point, Donovan was engaging in dilatory conduct in the post-conviction proceedings. A year and a half later, the trial court cited dilatory conduct as a factor in the court's decision to deny Donovan's request to reinstate counsel and continue the hearing on his motion for new trial. But that conduct occurred during the period of time *after* the trial court permitted Donovan to proceed pro se, and so it cannot support the trial court's earlier ruling that Donovan could represent himself.

(c) *Conclusion.*

Because Donovan did not validly waive his right to post-conviction counsel, that right was violated. *Allen*, 311 Ga. at 505 (4). We therefore vacate the trial court's order denying Donovan's motion for new trial and order denying Donovan's motion to modify sentence and remand the case to the trial court for Donovan's "post-conviction process [to] start anew[.]" Id. at 505 (4). Donovan may then file an amended motion for new trial, either with counsel or pro se if he "first knowingly,

8

intelligently, and voluntarily elects to represent himself in post-conviction proceedings after being properly advised of the risks of doing so, or if the trial court first makes a proper finding that [he] has functionally waived his right to [post-conviction] counsel." Id. at 505 (4).

3. *Remaining claims of error.*

Given this disposition, we decline to address Donovan's remaining claims of error, namely his claim that the trial court should have permitted him to reinstate post-conviction counsel during the hearing on his motion for new trial, which is now moot; and his claims relating to the merits of his motion for new trial and to his sentencing, which the trial court may consider again when the post-conviction process starts anew and Donovan either has the benefit of counsel or validly waives his right to counsel.

*Judgment vacated and case remanded. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur.*

# In the Court of Appeals of Georgia

A21A1407. DONOVAN v. THE STATE.

RICKMAN, Chief Judge, concurring specially.

I agree with the majority that despite its best efforts at a *pretrial* hearing, this trial court was again required to fully advise this defendant of the dangers of representing himself in *post-conviction* proceedings. I do not agree with all that is said in the majority opinion, however, and I therefore concur specially.

The majority cites our Supreme Court's decision in *Allen v. Daker*, 311 Ga. 485 (858 SE2d 731) (2021), as support for its proposition that Donovan "did not expressly waive his right" to appellate counsel. See id. at 499 (2) (a). But whereas the record in *Allen* contained "*no* indication that [the defendant] wished to waive his right to

appellate counsel," id. (emphasis supplied), this record, as quoted by the majority, shows that Donovan expressly *attempted* to waive that right. The only issue before us is thus whether that attempt at express waiver was knowing, intelligent and voluntary.

> The applicable law is clear:

> In most cases, before a defendant may properly proceed pro se in initial post-conviction proceedings and on direct appeal, he must be advised of the dangers of such self-representation and knowingly, intelligently, and voluntarily waive his right to appellate counsel on the record. In the absence of a showing in the record that the trial court made such admonitions, the defendant has not validly waived his right to appellate counsel.

(Citation and punctuation omitted.) *Allen*, 311 Ga. at 498 (2) (a). At the post-conviction hearing at issue here, the trial court referred to Donovan's pretrial *Faretta* hearing, at which Donovan "elected, [the trial court] thought wisely, to allow [stand-by counsel] to represent [him]." The trial court continued: "It's just difficult for a layperson to act as an attorney all of a sudden." After Donovan agreed with this statement, the trial court asked whether self-representation was "what [he] want[ed] to do," to which Donovan responded affirmatively.

2

Despite the trial court's apparently successful effort to warn Donovan of the dangers of proceeding pro se at trial, this later exchange did not amount to a full airing of either the dangers of post-conviction self-representation or Donovan's knowledge of these, and the trial court made no explicit finding that Donovan had made a valid express waiver. See *Allen*, 311 Ga. at 498 (2) (a) (remanding for further proceedings when the defendant "did not receive warnings regarding the dangers of self-representation on appeal"). The majority goes on to discuss functional waiver on the ground of dilatoriness, see id. at 501-502 (2) (b) (ii), but the trial court did not make any finding on this issue until more than a year later, and the State does not argue the matter on appeal. The relevant record shows, in fact, that after some initial hesitation at the first post-conviction hearing, the trial court accepted Donovan's unopposed requests that he be considered indigent, that he receive transcripts after they had been prepared, and that a hearing on his motion for new trial be continued for at least 120 days.

Because I agree with the majority that these proceedings as to the dangers of post-conviction self-representation were less than those required under *Allen*, I concur in the judgment.