**THIRD DIVISION**
**BARNES, P. J.,**
**DOYLE, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 6, 2023**

# In the Court of Appeals of Georgia

A22A1719, A23A0163. PORTER v. THE STATE (two cases).

DOYLE, Presiding Judge.

A Monroe County jury found Jarred Porter guilty of fleeing or attempting to elude a police officer and speeding.[1] For the reasons set forth infra, we dismiss these appeals as premature because Porter has a pending motion for arrest in judgment/motion for new trial in the trial court.

Viewed in the light most favorable to the verdict,[2] the record shows the following. In 2020, a deputy with the Monroe County Sheriff's Office was conducting traffic enforcement on I-75. The deputy was in uniform parked in his marked patrol car on the shoulder of the highway. The posted speed limit was 70

---

[1] See OCGA §§ 40-6-395 (a), (b) (5) (A) (2020); 40-6-181.

[2] See *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

miles per hour. The deputy observed a man, later identified as Porter, on a motorcycle traveling above the speed limit. The deputy measured Porter's speed at 92 miles per hour using a speed detection device. The deputy positioned his patrol car behind the motorcycle, activated his lights and sirens, and attempted to initiate a traffic stop.

Porter initially slowed down, but then sped off at a high rate of speed. The deputy pursued Porter as Porter weaved in and out of traffic. The deputy measured Porter's speed during the chase as "well above a hundred miles per hour[,]" with Porter at one point reaching 170 miles per hour. Porter eventually exited the highway and entered a residential area. A corporal positioned himself at an intersection ahead of Porter and pointed his rifle at Porter. Porter stopped at the intersection, and officers took him into custody.

Following the chase, the deputy obtained an arrest warrant for Porter for fleeing or attempting to elude a police officer. The affidavit for the arrest warrant listed the date and time of the chase as October 2, 2020, at 2:00 a.m. to October 3, 2020, at 7:00 p.m. The deputy at trial testified that the chase actually started at 2:00 p.m. on October 2, 2020, and did not last into the next day. The deputy testified that he mistakenly clicked 2:00 a.m. instead of 2:00 p.m., and that the arrest warrant automatically populated a twenty-four hour time span.

2

Porter was indicted for fleeing or attempting to elude a police officer and speeding. The jury found him guilty of both counts. Porter filed a notice of appeal directly from his conviction, and this appeal followed.

*Case No. A22A1719*

1. Porter argues that the trial court failed to rule on his motion in arrest of judgment.

After his conviction, but before his notice of appeal, Porter filed a "motion for declaration of mistrial and void judgment and dismissal of all charges arising out of the false October 2, 2020 affidavit [from the deputy]" and an "amended and corrected motion for declaration of mistrial and void judgment, to arrest judgment, and to vacate conviction of count one of the indictment that arose out of the false October 3, 2020 affidavit of [the deputy] by which both the arrest warrant and indictment were obtained[.]"

In the motion, Porter argued that the deputy knowingly presented false testimony in the arrest affidavit, and, as a result, the arrest warrant, indictment, conviction, and sentence were all unlawful. Porter also argued that the trial court made an inappropriate statement regarding defense counsel's strategy, and that this statement was prejudicial and harmful.

3

As an initial matter, at least part of this motion should not be construed as a motion in arrest of judgment. "[C]ourts are not bound by the designation given motions by the parties[,] and . . . we look to substance over nomenclature."[3] A motion for an arrest in judgment is "for any defect not amendable which appears on the face of the record or pleadings[,]"[4] and is typically utilized as a post-judgment motion to attack the sufficiency of the indictment.[5] Here, Porter challenged, among other things, the trial court's statement as prejudicial and harmful, which was not a defect on the face of the record or pleadings and such an argument is typically raised in a motion for new trial.[6]

Porter later withdrew that claim, but requested a ruling regarding his other argument that the arrest warrant, indictment, conviction, and sentence were all

---

[3] (Citation and punctuation omitted.) *Kilgore v. State*, 325 Ga. App. 874, 874 (1) (756 SE2d 9) (2014).

[4] OCGA § 17-9-61 (a).

[5] See, e.g., *Ashmore v. State*, 323 Ga. App. 329, 332-333 (2) (746 SE2d 927) (2013).

[6] See *Boyd v. State*, 267 Ga. 453, 454 n.1 & 456 (3) (479 SE2d 724) (1997) (considering, on appeal from a motion for new trial, whether the trial court's statements harmed the defendant's right to a fair trial); see also OCGA § 17-8-57 (c) ("Should any judge express an opinion as to the guilt of the accused, . . . the trial court in a motion for a new trial shall grant a new trial.").

4

unlawful due to the allegedly knowing false statement by the deputy. Still, whether construed as a motion for new trial or a motion in arrest of judgment, the motion was timely because it was filed within 30 days of the judgment and within the same term of court.[7] And both motions for new trial and motions in arrest of judgment are resetting post-judgment motions under OCGA § 5-6-38 (a).[8]

Because the motion remains pending in the trial court, we lack jurisdiction over his appeals.[9] "If the motion . . . is denied, the judgment from which [Porter] seeks to

___

[7] See OCGA § 5-5-40 (a) (providing that a motion for new trial should be filed within 30 days of the judgment); OCGA § 17-9-61 (b) (providing that a motion in arrest of judgment must be filed within the same term of court of the judgment). The trial court entered its judgment on March 30, 2022, and Porter filed his motion on April 1, 2022, which is in the same term of court for Monroe County. See OCGA § 15-6-3 (40.1) (C) (providing for terms of court beginning on the "[s]econd Monday in February, May, August, and November").

[8] See OCGA § 5-6-38 (a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of; but when a motion for new trial, a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed, the notice shall be filed within 30 days after the entry of the order granting, overruling, or otherwise finally disposing of the motion.").

[9] See *Jackson v. State*, 310 Ga. 224, 226 (1) (850 SE2d 131) (2020) ("[B]ecause the motion for new trial is pending, any notice of appeal to an appellate court has not yet ripened, and absent an applicable exception such as an interlocutory appeal as provided in OCGA § 5-6-34 (b), any appeal must be dismissed.") (citation and punctuation omitted); *Oladunni v. State*, 356 Ga. App. 861, 862 (849 SE2d 702) (2020) ("[The defendant's] motion in arrest of judgment remains pending, the trial

appeal will stand, and the notices of appeal previously filed by [Porter] then will ripen."[10]

*Case No. A23A0163*

2. Porter argues that the trial erred in denying his request to subpoena audio records from the court reporter in order to complete the appellate record. As explained in Division 1, because the trial court has not yet ruled on his other pending motion, we lack jurisdiction over his appeals.

*Appeals dismissed. Barnes, P, J., and Senior Appellate Judge Herbert E. Phipps concur.*

---

court has jurisdiction to rule on the merits of the motion, [the defendant's] notices of appeal have not ripened, and the attempted appeal in this court must be dismissed.") (citation and punctuation omitted); *Garcia v. State*, 275 Ga. App. 405, 406 (620 SE2d 624) (2005) ("Because the trial court has not yet ruled on [the defendant's] motion for new trial, the case remains pending below[.] Accordingly, this appeal is hereby dismissed.").

[10] (Citation and punctuation omitted.) *Oladunni*, 356 Ga. App. at 862.